WDQ-13-1361 "PAGE 1" Date: 5-4-13
Case 1:13-cv-01361-WDQ Document 1 Filed 05/08/13 Page 1 of 2
FILED LODGED ___ RECEIVED
MAY 08 2013
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

TO: Honorable Magistrate Of United State's District Court

My name is Bryant Elliott Davidson a/k/a Bryant Elliott Davis I.D. #404-789 and I am writing you or rather this Honorable Court is to file a "lawsuit" against the "State Of Maryland", "Department Of Public Safety and Correctional Services", "Division Of Corrections" and "Warden Of The Western Correctional Institution". Regarding the "Civil and Constitutional Violations" by two "State correctional officers" "Sergeant Gerald Lane" and "Captain Shalaunda Suggs" both whom work at the "Jessup Correctional Institution", against the plaintiff. Both State employees committed "Perjury" and "Forged" documents regarding a request made by the "Honorable Louis A. Becker III" on August 10, 2011 to Warden John S. Wolf under case number "13-K-02-041238" and "13-K-02-041668", Honorable Judge Louis A. Becker III of the Circuit Court For Howard County inquired about the validity of a Affidavit sent to the Circuit Court For Howard County by the petitioner pursuant a "Writ Of Actual Innocence". Judge Louis A. Becker III request was to find out if Sergeant Gerald Lane signed the "Affidavit" which stated he witnessed a "Ms Taryn Young" sign a Affidavit on "January 23, 2011" while he supervised the Visiting Room. Investigation Supervisor Captain Shalaunda Suggs held a investigation in which she produced a "3-11 Post Assignment Worksheet" which stated that "Officer Mollie Johnson" was the Officer In Charge Of the Visiting Room on January 23, 2011 and that Sergeant Gerald Lane was assigned to the Vehicle Sallyport area of the institution on January 23, 2011. Sergeant Gerald Lane was also question by Investigation Supervisor Captain Shalaunda Suggs as to his knowledge Of The Affidavit with his signature on it on August 26, 2011 in which he wrote a handwritten statement, stating "He was not assigned to the Visiting Room on January 23, 2011 but was assigned to the Vehicle Sallyport area of the prison which is outside of the institution and has no contact with inmates." This information was sent to the Honorable Judge Louis A Becker III and to the State's Attorney Office For Howard County which later resulted in a indictment and prosecution under case no. "13-K-11-51789."

*SEE NEXT PAGE* *SEE NEXT PAGE*

The petitioner's new attorney "Collateral Review attorney," Ms. Margarett L. Lanier" whom was "assigned pursuant a "Application For Post Conviction Relief" filed a "subpoena" with the Jessup Correctional Institution requesting the whereabouts of Sergeant Gerald Lane on January 23, 2011, where was he assigned? The Jessup Correctional Institution, P.O. Box 534, Jessup, MD 20794" responded by stating "Sergeant Gerald Lane was assigned to the Visiting Room on January 23, 2011." This evidence is "totally contrary" to the previous investigation done by Captain Shalaunda Suggs which consisted of a "3-11 Post Assignment Worksheet" showing that officer "Mollie Johnson" was the "Officer-In-Charge" of the Visiting Room and Sergeant Gerald Lane was assigned to the Vehicle Sallyport of the institution. This "new evidence" also is contrary to Sergeant Gerald Lane's own written statements. It was through a investigation that found that that original 3-11 Post Assignment Worksheet that was sent by Captain Shalaunda Suggs was "forged" as she couldn't have come to that conclusion through a investigation of where Sergeant Gerald Lane was assigned on January 23, 2011. Had Captain Suggs investigated into where Sergeant Lane was assigned on January 23, 2011 it would've shown to the Visiting Room, the same response Collateral Review attorney Margarett L. Lanier got when she "subpoena" for his assigned position on January 23, 2011. These "blatant criminal acts" violated the petitioner's Civil and Constitutional rights," defamed the character of the petitioner," and such conduct by State employees of the Division of Corrections amounts to "cruel and Unusual Punishment." These criminal acts warrant a law suit because they amount to violations of the petitioners Civil Rights. The ARP process is only to ensure these officers are "internally reprimanded" but their conduct has already reached a criminal level as this original information was the subject of a indictment and prosecution by the State's Attorney Office for Howard County pursuant to case no-13-K-11-51789." The petitioner request the right to press charges against both officers or that the Attorney General Office do so, and the amount of 1 million dollars in damages.

Bryant E. Davidson